I concur with the majority's decision in almost all respects, but I must respectfully dissent from the majority's award with respect to the payment of temporary partial disability compensation beginning December 9, 2009. It is true that when plaintiff chose to return to work for defendant-employer on December 9, 2009, he returned making a lower wage than he had earned pre-injury. That fact, however, was in no way related to his injury. No job modifications were made for plaintiff, nor were any requested by plaintiff.
The evidence indicates that employees throughout the company were required to take a reduction in pay, including the vice president and secretary of the company. Plaintiff's reduction in salary was related solely to the impact of current economic conditions and was not related in any way to his injury. Thus, plaintiff has not proven that he sustained a reduction in wage-earning capacity as a result of his injury as required by N.C. Gen. Stat. § 97-2(9) andHilliard subsequent to his return. Hilliard v. Apex CabinetCo., 305 N.C. 593, 290 S.E.2d 682 (1982). Because the evidence reflects that plaintiff's wages were reduced as compared to his pre-injury wages only because of economic factors, and not because of his injury, I must dissent from the majority opinion on this point.
This the 7th day of March 2011. *Page 12 
 S/___________________ LINDA CHEATHAM COMMISSIONER *Page 1